ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OPINION AND HAS ASKED ME TO RESPOND. AS IT APPEARS THAT THE ANSWER TO YOUR QUESTION CAN BE RESOLVED BY REFERENCE TO THE STATUTES INVOLVED AND WELL-ESTABLISHED PRINCIPLES OF LAW, A FORMAL OPINION IS UNNECESSARY. HOWEVER, I HOPE YOU FIND THE FOLLOWING INFORMAL DISCUSSION HELPFUL. YOUR REQUEST CONTAINS FOUR QUESTIONS ALL PERTAINING TO THE ABOLITION OF THE OFFICE OF COUNTY SUPERINTENDENT OF SCHOOLS AS PROVIDED FOR BY SECTION 24 OF H.B. 1017. YOUR FIRST QUESTION ASKS THE FOLLOWING: IN A COUNTY WHICH HAD NO PERSON SERVING AS COUNTY SUPERINTENDENT AT THE TIME THIS SECTION OF LAW BECAME EFFECTIVE, IS THE OFFICE THEREBY ABOLISHED, LEAVING THE COUNTY COMMISSIONERS WITHOUT AUTHORITY TO SUBSEQUENTLY APPOINT A PERSON TO SERVE AS COUNTY SUPERINTENDENT UNTIL THE NEXT GENERAL ELECTION OR A SPECIAL ELECTION? SECTION 24 OF H.B. 1017 IS CODIFIED AT 70 O.S. 4-200 (1990). THIS SECTION ABOLISHES THE POSITION OF COUNTY SUPERINTENDENT OF SCHOOLS WITH ONE PROVISO: "(P)ROVIDED, THOSE PERSONS PRESENTLY SERVING AS COUNTY SUPERINTENDENTS OF SCHOOLS SHALL CONTINUE TO SERVE AS SUCH UNTIL THE EXPIRATION OF THEIR TERM OF OFFICE TO WHICH THEY WERE ELECTED." THE TOUCHSTONE OF THE PROVISO IS CLEARLY PERSONS PRESENTLY SERVING. UNDER THE CLEAR IMPORT OF THE STATUTE, IF THERE IS NO PERSON SERVING AS COUNTY SUPERINTENDENT ON APRIL 25, 1990, (THE EFFECTIVE DATE OF 4-200) THE PROVISO IS INAPPLICABLE AND THE OFFICE OF COUNTY SUPERINTENDENT IS ABOLISHED AS OF THAT DATE. THE COUNTY COMMISSIONERS' POWER TO APPOINT ONE TO FILL A VACANCY IN THE OFFICE OF COUNTY SUPERINTENDENT OF SCHOOLS DERIVES FROM 51 O.S. 10(B) (1981). THAT SECTION REQUIRES THAT THERE BE A VACANCY IN THE COUNTY OFFICE IN QUESTION. UNLESS THERE IS A VACANCY, THE COUNTY COMMISSIONERS HAVE NO APPOINTMENT POWER. AS STATED BY THE OKLAHOMA SUPREME COURT: THERE IS NO TECHNICAL NOR PECULIAR MEANING TO THE WORD "VACANT". IT MEANS EMPTY, UNOCCUPIED, AS APPLIED TO AN OFFICE WITHOUT AN INCUMBENT. AN EXISTING OFFICE WITHOUT AN INCUMBENT IS VACANT. CARPENTER V. CARTER, 167 OKLA. 238, 29 P.2D 83 (1934) (QUOTING FROM SANDERS V. BLAKEMORE, 104 MO. 340, 15 S.W. 960, 961) (EMPHASIS ADDED.) IN THE SCENARIO YOU OUTLINE IN YOUR REQUEST, THE OFFICE OF COUNTY SUPERINTENDENT OF SCHOOLS WAS ABOLISHED AS OF APRIL 25, 1990. AS THERE IS NO EXISTING OFFICE, THERE CAN BE NO VACANCY TO FILL. THE ANSWER TO YOUR FIRST QUESTION MAKES IT UNNECESSARY TO RESPOND TO YOUR SECOND AND THIRD QUESTIONS WHICH RELATE TO THE METHOD FOR FILLING A VACANCY. YOUR FOURTH QUESTION CONCERNS THE METHOD WHEREBY THE OFFICIAL RECORDS OF THE FORMER COUNTY SUPERINTENDENT OF SCHOOLS ARE TO BE MAINTAINED. WITH REGARD TO SUCH LOCAL RECORDS, 67 O.S. 207 (1981) ALLOWS THE GOVERNING BODY OF EACH COUNTY TO PROMOTE PRINCIPLES OF EFFICIENT RECORDS MANAGEMENT FOR THE COUNTY. THE GOVERNING BODY IS ALSO CHARGED BY THAT SECTION WITH THE RESPONSIBILITY TO FOLLOW, AS FAR AS PRACTICAL, THE PROGRAM ESTABLISHED FOR THE MANAGEMENT OF STATE RECORDS. 67 O.S. 207 AUTHORIZES THE STATE RECORDS ADMINISTRATOR (WHO IS ALSO THE STATE LIBRARIAN) TO GIVE ADVICE TO LOCAL GOVERNING BODIES ON THE ESTABLISHMENT OF SUCH A PROGRAM. IT SHOULD ALSO BE NOTED THAT 67 O.S. 209 (1981) PROHIBITS THE MUTILATION, DESTRUCTION, TRANSFER, REMOVAL, ALTERATION OR OTHER DISPOSAL OF RECORDS WHICH COME INTO THE CUSTODY OF PUBLIC OFFICIALS IN THE COURSE OF THEIR PUBLIC DUTIES EXCEPT IN ACCORDANCE WITH STATE LAW. THUS, UNTIL THE LOCAL GOVERNING BODY CAN CONSULT WITH THE STATE RECORDS ADMINISTRATOR REGARDING THE RECORDS FORMERLY KEPT BY THE COUNTY SUPERINTENDENT OF SCHOOLS, THE RECORDS SHOULD BE MAINTAINED IN THEIR PRESENT STATE.
(SHARON K. O'ROKE)